IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ROBERT ANTHONY BOMKAMP, #02124798, | § § § | |
| Petitioner, | § § | |
| v. | § § | No. 3:20-cv-03508-X (BT) |
| DIRECTOR, TDCJ-CID, | § § § | |
| Respondent. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Robert Anthony Bomkamp, a Texas prisoner, filed a *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2254. The District Court referred the petition to the United States magistrate judge for findings and a recommendation, pursuant to 28 U.S.C. § 636(b) and a standing order of reference. For the following reasons, the District Court should DISMISS Bomkamp's petition as barred by limitations.

I.

Bomkamp was charged by indictment with aggravated sexual assault of a child in Dallas County, Texas, but he was convicted of the lesser-included offense of indecency of a child. *See State of Texas v. Robert Anthony Bomkamp*, Case No. F-1517895-Q. On February 24, 2017, the trial court sentenced Bomkamp to ten years' imprisonment. Bomkamp did not file a direct appeal.

1

Later, Bomkamp filed a *pro se* application for writ of habeas corpus in state court. Under the prison mailbox rule, a prisoner's *pro se* filing is deemed filed when it is delivered to prison authorities for mailing to the court's clerk. *Houston v. Lack*, 487 U.S. 266 (1988); *Medley v. Thaler*, 660 F.3d 833, 840 (5th Cir. 2011). However, to be entitled to the benefit of the prison mailbox rule, a prisoner must do "all that he or she can reasonably do to ensure that documents are received by the clerk of court in a timely manner." *Thompson v. Rasberry*, 993 F.2d 513, 515 (5th Cir. 1993). Bomkamp indicates on his state habeas application that he signed the application on March 30, 2020. State Habeas Ct. R. -01 (ECF No. 15-7) at 34. But the application was not file-stamped as received by the court until April 17, 2020. *Id.* at 19. Considering the delay between the application's purported delivery to prison officials for mailing and its receipt by the court, Respondent does not concede that Bomkamp is entitled to the benefit of the prison mailbox rule, pursuant to which the petition would be deemed filed on March 30, 2020. The Texas Court of Criminal Appeals (CCA) denied the application without a written order on August 12, 2020.

On November 18, 2020, Bomkamp filed a "Memorandum of Law in Support of 28 U.S.C. § 2254 Writ of Habeas Corpus" in the Houston Division of the Southern District of Texas. (ECF No. 1.) And thereafter, Bomkamp filed his § 2254 petition in this Court. Bomkamp indicates on the pending petition that he signed it on December 17, 2020, and put it in the prison

mailing system on December 18, 2020, but it was not filed with the Court until December 29, 2020. Am. Pet. 1, 10 (ECF No. 8). Again, Respondent does not concede that Bomkamp is entitled to the prison mailbox rule, pursuant to which the petition would be deemed filed on December 18, 2020.

In his petition, Bomkamp argues:

(1) his Fifth and Fourteenth Amendment rights were violated due to the State's delay in indicting him;

(2) his Fifth, Sixth, and Fourteenth Amendment rights were violated when the trial court failed to "perform a pre-trial analysis, nor answer question of law by comparing offense as alleged with element of lesser included offense," Am. Pet. 6 (ECF No. 8);

(3) his Fifth and Fourteenth Amendment rights were violated due to the use of an erroneous jury charge at his trial, which denied him of his right to a fair trial; and

(4) his trial attorney provided ineffective assistance of counsel when he failed to

a. challenge the indictment,

b. alert him to indictment error,

c. challenge the trial court's failure to conduct a "pretrial comparison," *id.*, and

d. object to the submission of a lesser-included offense.

Respondent filed an answer arguing that Bomkamp's petition should be dismissed with prejudice because it is time-barred.

II.

A.   Statute of Limitations

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) establishes a one-year statute of limitations for federal habeas proceedings. *See* Antiterrorism and Effective Death Penalty Act, Pub. L. 104-132, 110 Stat. 1214 (1996). In most cases, the limitations period begins to run when the judgment becomes final after direct appeal or the time for seeking such review has expired. 28 U.S.C. § 2244(d)(1)(A).[1]

Here, Bomkamp has failed to show that the provisions of § 2244(d)(1)(B)-(D) are implicated, and § 2244(d)(1)(A) applies to this case.

---

[1] The statute provides that the limitations period shall run from the latest of--

    (A)   the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking direct review;

    (B)   the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

    (C)   the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

    (D)   the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

The State entered judgment on Bomkamp's conviction on February 24, 2017, and he did not file a direct appeal. Therefore, at the latest, Bomkamp's conviction became final on March 27, 2017, thirty days after the date of his judgment and sentence.[2] *See* Tex. R. App. P. 26.2(a)(1) (including the time limits for properly filing a notice of appeal). Bomkamp then had one year, until March 27, 2018, to file his federal petition. 28 U.S.C. § 2244(d)(1)(A). Yet, he waited more than *two years* after the deadline expired to file a federal petition in this Court. Giving Bomkamp the benefit of the prison mailbox rule, he waited until December 18, 2020 to file his petition. Bomkamp's petition is therefore untimely.

Bomkamp filed a state habeas application, which generally tolls the limitations period. *See Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000) (noting that a state habeas application tolls the limitations period under § 2244(d)(2)); *Broussard v. Thaler*, 414 F. App'x 686, 687-88 (5th Cir. 2011) (per curiam) ("AEDPA provides that '[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.") (quoting 28 U.S.C. § 2244(d)(2)). In this case, however, Bomkamp's state habeas application

---

[2] The 30th day after judgment entered fell on March 26, 2017, which was a Sunday. As a result, Bomkamp had until the next business day, Monday, March 27, 2017, to file a notice of appeal. *See* Tex. R. App. P. 4.1(a).

5

did not toll the limitations period because—again giving Bomkamp the benefit of the prison mailbox rule—he filed his application on March 30, 2020, which was *two years* after the limitations period had expired. Therefore, his state habeas application did not toll the limitations period. *See Flores v. Quarterman*, 467 F.3d 484, 485 n.2 (5th Cir. 2006) (per curiam) ("While the filing of a state habeas application ordinarily tolls the federal one-year statute of limitations, [the petitioner] did not file his state application until … more than one year after his sentence became final, and almost two months after the statute of limitations expired.") (citing *Scott*, 227 F.3d at 263) (holding that state habeas applications filed after the expiration of the limitations period do not toll the limitations period).

B.     Equitable Tolling

The one-year limitation period is subject to equitable tolling in "rare and exceptional cases." *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998); *see also Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir.1999) (asserting that courts must "examine each case on its facts to determine whether it presents sufficiently 'rare and exceptional circumstances' to justify equitable tolling") (quoting *Davis*, 158 F.3d at 811). The Fifth Circuit has held that "[e]quitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir.1999), *abrogated on other grounds by Causey v. Cain*, 450 F.3d 601,

6

605-06 (5th Cir. 2006). A petitioner bears the burden of proof to show he is entitled to equitable tolling. *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000).

Bomkamp's § 2254 petition includes the following direction: "If your judgment of conviction, parole revocation or disciplinary proceeding became final over one year ago, you must explain why the one-year statute of limitations contained in 28 U.S.C. § 2244(d) does not bar your petition." Am. Pet. 9 (ECF No. 8.) Bomkamp responded to this direction by stating:

> The claims were not adjudicated on the merits, the trial court decided to forego an evidentiary hearing and no order directed to defense counsel as given to the counsel to properly decide the claim of ineffective assistance of counsel.

*Id.* But this statement fails to demonstrate that Bomkamp's case is "rare and exceptional." *See Davis*, 158 F.3d at 811.

Bomkamp also has not demonstrated that he acted with diligence in pursuing his rights. *See Pace v. DiGuglielmo*, 544 U.S. 408, 418-19 (2005) (holding the petitioner failed to establish act with the requisite diligence); *see also Menominee Indian Tribe of Wisconsin v. United States*, 577 U.S. 250, 256-57 (2016). In this case, Bomkamp's habeas claims address matters before the trial court. For example, he argues that the State violated his Fifth and Fourteenth Amendment rights by delaying his indictment more than 180 days. Am. Pet. 6 (ECF No. 8). Bomkamp also argues that the trial court erred by giving an erroneous jury instruction. *Id.* at 7. The trial court entered

7

its judgment on February 24, 2017. Bomkamp's claims do not rely on any new facts or evidence not available to him when he was convicted or within a manner to allow him to timely pursue these claims. Therefore, Bomkamp has failed to show that he has pursued his claims diligently to justify equitable tolling. *See Covey v. Arkansas River Co.*, 865 F.2d 660, 662 (5th Cir.1989) ("[E]quity is not intended for those who sleep on their rights."); *see also Hill v. Johnson*, 265 F.3d 1059, at *1 (5th Cir. 2001) (per curiam); *Fisher*, 174 F.3d at 715.

In sum, Bomkamp fails to state a sufficient basis for applying equitable tolling. *See Felder v. Johnson*, 204 F.3d 168, 171 (5th Cir. 2000) ("[P]roceeding *pro se* is not a 'rare and exceptional' circumstance because it is typical of those bringing a § 2254 claim."); *Turner v. Johnson*, 177 F.3d 390, 392 (5th Cir. 1999) (per curiam) ("[N]either a plaintiff's unfamiliarity with the legal process nor his lack of representation during the applicable filing period merits equitable tolling.").

C.   Actual Innocence

The Supreme Court has held that "actual innocence, if proved, serves as a gateway through which a petitioner may pass whether the impediment is a procedural bar, as it was in *Schlup* and *House*, or, as in this case, expiration of the statute of limitations."[3] *McQuiggin v. Perkins*, 569 U.S.

---

[3] *House v. Bell*, 547 U.S. 518 (2006); *Schlup v. Delo*, 513 U.S. 298 (1995).

8

383, 386 (2013). A petitioner who claims actual innocence, however, "must show that it is more likely than not that no reasonable juror would have convicted him in light of the new evidence." *Id.*

Bomkamp fails to raise an actual innocence claim in his petition. *See* Am. Pet. (ECF No. 8). Therefore, he has not demonstrated that actual innocence serves as a gateway through which his time-barred petition can pass. Bomkamp's petition is time-barred and should be dismissed with prejudice.

### III.

The Court should DISMISS Bomkamp's *pro se* petition for a writ of habeas corpus with prejudice as barred by the one-year limitations period. *See* 28 U.S.C. § 2244(d).

Signed September 21, 2022.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).